944 F.2d 905
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
erman KELLY, Plaintiff-Appellant,
v.
TWO LIVE CREW, Luke Skywalker Records, Harmony House Record
Shop, David Hobbs, C. Wong Won, L.S. Walker,
Defendants-Appellees.
 No. 91-1452.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1991.
 
 1
 Before MERRITT, Chief Judge, RALPH B. GUY, Jr., Circuit Judge, and SILER, Chief District Judge.*
 
 ORDER
 
 2
 Herman Kelly, a pro se Michigan resident, appeals the district court's order dismissing his copyright infringement action filed pursuant to 17 U.S.C. § 101, et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking damages, Kelly sued the musical group "Two Live Crew", their recording company, Luke Skywalker Records, and various individuals essentially asserting copyright infringement. Kelly asserts that he holds copyright number EU 780711 on the song "Dance to the Drummer's Beat" which was registered with the Library of Congress on May 2, 1977. Kelly avers that his song "Dance to the Drummer's Beat" is well-known in the United States, having sold at least 100,000 copies. He further claims that a subsequent record by "Two Live Crew", known as "Throw The D" contains parts of "Dance to the Drummer's Beat." Kelly seeks damages for copyright infringement. Kelly's complaint also contains civil rights claims pursuant to 42 U.S.C. § 1988, asserting that after he sought recompense from defendants for the alleged copyright infringement, that defendants, particularly Harmony House Record Shop, conspired to interfere with his musical career by refusing to sell him materials, e.g., recording tape, which was necessary for the maintenance of his career.
 
 
 4
 After a review, the district court dismissed the action as frivolous pursuant to 28 U.S.C. § 1915(d). Subsequently, Kelly filed a timely motion for reconsideration which was also denied by the district court. Thereafter, Kelly filed a timely appeal. In addition, Kelly has filed numerous motions seeking miscellaneous relief including: the appointment of counsel, several motions for a subpoena duces tecum, and a motion for a temporary restraining order.
 
 
 5
 Upon review, we conclude that the complaint lacks an arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 6
 Although Kelly has pled, and the record shows that he has a valid copyright on the song "Dance to the Drummer's Beat," Kelly himself provided evidence to the district court that his claim was frivolous. Here, the record contains a limited release dated April 1987, which shows that Kelly granted "Two Live Crew" and Luke Skywalker Records limited use of "Dance to the Drummer's Beat" in connection with the song "Throw the D."
 
 
 7
 Accordingly, Kelly's numerous motions for miscellaneous relief are hereby denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation